**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In Re: Robles-Berrios, Luis Manuel | Case No.: 21-03844-13 |
| | Chapter 13 |
| xxx-xx-3709 | ☑ Check if this is a pre-confirmation amended plan. |
| xxx-xx- | |
| | ☐ Check if this is a post confirmation amended plan |
| **Puerto Rico Local Form G** | Proposed by: |
| | ☐ Debtor(s) |
| **Chapter 13 Plan dated __03/23/2022__.** | ☐ Trustee |
| | ☐ Unsecured creditor(s) |
| | ☑ If this is an amended plan, list below the sections of the plan that have been changed. |
| | §8.5 in Non Standard Provisions |

---

**PART 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

**PART 2: Plan Payments and Length of Plan**

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $355.00 | 60 | $21,300.00 | |
| Subtotals | 60 | $21,300.00 | |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**PART 3: Treatment of Secured Claims**

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installments payments (Including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Candel Coop | 2017 INFINITI Q50 Sport Lic Plate JLD 171 Candel Coop, shares secured under car loan Savings account | $711.21 | | | | |
| | | Disbursed by: ☐ Trustee ☑ Debtor(s) | | ___ Months | Starting on Plan Month ___ | |
| Lakeview Loan Servicing, LLC | 3b/2b resd prop on 349 s/m lot Urb City Paradise Barceloneta PR 67 Calle Cupey Barceloneta, PR 00617-2751 | $658.88 | $12,487.00 | 0.00 % | | $12,487.00 |
| | | Disbursed by: ☐ Trustee ☑ Debtor(s) | | ___ Months | Starting on Plan Month ___ | |

*Puerto Rico Local Form G (LBF-G)*    *Chapter 13 Plan*    *Page 3*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| | | |
| | | |

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

**PART 4: Treatment of Fees and Priority Claims**

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☑ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---:|
| Attorney's fees paid pre-petition: | $500.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $6,500.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of _____.

☐ _____ of the total amount of these claims, an estimated payment of _____.

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

☑ Plan confirmation.

☐ Entry of discharge.

☐ Other: _____.

7.2 **Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)

2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

**PART 8: Nonstandard Plan Provisions**

8.1 **Check "None" or list the nonstandard plan provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1. **8.1 NonStandard Plan Provisions**
   Under LBR 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in Official Form G (LBF-G) or one deviating from it. Nonstandard provisions set out in this Local Plan are adopted in Part 8.

2. **8.2 Payment/Distribution on Secured, Priority &/Administrative Claims**
   Any payment &/or distribution on a secured, priority &/or administrative claim, provided under §§ 3.1, 3.2, 3.3, 3.5 or 3.7 or §§ 4.3, 4.4, 4.5 or 4.6 of this Chapter 13 Plan, is specifically subject to &/or conditioned upon being ALLOWED in such amount. Conversely, if any of these claims are deemed ALLOWED or DISALLOWED, in an amount less [or higher] than that provided herein, the creditors set forth in §§ 3.1, 3.2, 3.3, 3.5 or 3.7 or §§ 4.3, 4.4, 4.5 or 4.6 shall be entitled to payment up to the amount of the ALLOWANCE of its claim.

3. **8.3 This § modifies LBF-G, Part 3: Retention of Liens:**
   The lien holder of any allowed secured claim, provided for by the Plan, in its Part 3, will retain its lien according to the terms & conditions required by 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II) until fully paid.

4. **8.4 This § modifies LBF-G, Part 3.1: Maintenance & Cure of Default, if any**
   The Debtor agrees that the balance of arrearage owed to Lakeview is as claimed at CLAIM #5, or $22,487. The Debtor will deliver $10,000 of exempt funds to Lakeview Loan Servicing LLC upon confirmation of the Plan with the purpose of reducing the balance of the arrearage to be paid under the Plan to Lakeview to a total net balance of $12,487.

5. **8.5 This § modifies LBF-G Part 3.5 Surrender of Collateral:**
   Debtor agrees to the surrender of shares & dividends to Candel Coop in payment of $500 "arrearage" claimed at claim #2-2.

6. **8.6 This § modifies LBF-G Part 4: Treatment of Fees & Priority Claims:**
   If this case is dismissed prior to, or after, confirmation of this chapter 13 Plan, or any modification of this Plan, the Trustee will pay to the debtor's attorney any fees & expenses allowed by the Court, prior to payment of any funds to the Debtor.

7. **8.7 Standing Stay Modification:**
   The automatic stay provided by 11 U.S.C. §362(a) is modified in Chapter 13 cases to permit affected secured creditors to contact the Debtor about the status of insurance coverage on property used as collateral and, if there are direct payments being made to creditors, to allow affected secured creditors to contact the Debtor in writing about any direct payment default and to require affected secured creditors to resume sending statements, payment coupons, or other correspondence to the Debtor that the creditors sends to its non-bankruptcy debtor customers. Such actions do not constitute violations of 11 U.S.C. §362(a).

8. **8.8 Proof of Claims Must be Filed for Distribution:**
   In order to receive distribution & payment from the Chapter 13 Trustee, either prior to or following confirmation, both secured and unsecured creditors must file proofs of their claim. Secured claims that are not timely filed may be disallowed or subordinated to other claims upon further order of the Court.

9. **8.9 Binding Effects of Confirmed Plan:**
   Any creditor's failure to object to confirmation of the proposed Plan shall constitute the creditor's acceptance of the treatment of its claim(s) as proposed in the Plan.

10. **8.10 Vehicle Insurance:**
    The Debtor shall maintain vehicle(s) insured at all relevant times. At present, the vehicle is insured through direct payments to the secured creditor. I f insurance lapses & the claim has not yet been satisfied, the Debtor shall seek & directly maintain current the replacement insurance & shall tender evidence of such insurance to the secured creditor within 30 days.

11. **8.11 Objections to Claims Not Barred by Confirmation:**
    Confirmation of the Plan does not bar a party in interest at any time from objecting to a proof of claim for good cause shown. Nothing in the Plan is intended to waive any basis for objecting to a claim, or to waive any claim or counterclaim the debtor may have against a creditor.

**PART 9: Signature(s)**

/s/ Lyssette A. Morales Vidal

**Signature of Attorney for Debtor(s) Date 03/23/2022**

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served each party or counsel of record indicated on the list attached hereto in the foregoing matter with a copy of this Amended Chapter 13 Plan by depositing in the United States mail a copy of same in a properly addressed envelope with first class postage thereon to creditors who have filed a claim at this date. Known Attorneys and participants in CmEcf will be served electronically.

FRANCISCO J. CARDONA, Lakeview Loan Servicing, LLC, cardonaesq@gmail.com

MIREYA BALTAZAR, Candel Coop, mireyabaltazar@yahoo.com & mbs@abogadosdeamerica.com quiebras@abogadosdeamerica.com

JOSE RAMÓN CARRIÓN MORALES, newecfmail@ch13-pr.com

MONSITA LECAROZ ARRIBAS, ustpregion21.hr.ecf@usdoj.gov

Non CmEcf participants will be noticed via regular USPS, as follows:

AT&T Services Inc., PO Box 769, Arlington Tx 76004
PRA Receivables Mgmt LLC, PO Box 41021, Norfolk Va 23541.

This the 23rd day of March 2022.

                                                      s/ *L. A. Morales*
                                                      Lyssette A. Morales Vidal
                                                      USDC PR #120011